**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JAMES EUSCHER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STANDARD INSURANCE COMPANY,<br>a foreign insurance company,<br><br>　　　　　Defendant. | NO.<br><br>COMPLAINT FOR BREACH OF CONTRACT, REFUSAL TO PAY LONG-TERM DISABILITY BENEFITS, BAD FAITH, AND VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW TITLE 48.30) |

COMES NOW Plaintiff James Euscher, by and through his undersigned attorney, and alleges and states the following claim:

## I. PARTIES

1. James Euscher is insured with Standard Insurance Company for disability income under a policy sponsored by the Washington State Health Care Authority, Policy No. 377661-B, that was issued and purchased by Euscher while he was employed by the Washington State Department of Transportation.

COMPLAINT FOR BREACH OF CONTRACT, REFUSAL TO PAY
LONG-TERM DISABILITY BENEFITS, BAD FAITH, AND
VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW
TITLE 48.30) - 1

LePLEY LAW FIRM
12600 SE 38th Street, Suite 201
Bellevue, WA  98006
P: (425) 641-5353
F: (425) 747-0611

2. At all times material, James Euscher, who was and is a resident of the City of North Bend, County of King, State of Washington, paid all necessary premiums to keep and enforce the policy identified above.

3. Defendant Standard Insurance Company (hereinafter referred to as "Standard") does business in Washington State and, more particularly, King County, Washington. Upon information and belief, Defendant Standard has been authorized by the Insurance Commissioner of the State of Washington to transact and sell long-term disability policies in the State of Washington. Defendant Standard is, upon information and belief, organized under the laws of the State of Oregon, with a principal place of business in Portland, Oregon at 1100 SW Sixth Avenue.

## II. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by virtue of 28 USC Section 1332 in that there is diversity of citizenship among all parties to this action and the amount in controversy, with respect to such action, exceeds the sum of $75,000.

5. Venue is proper and appropriate in the Western District of Washington at Seattle pursuant to 28 USC Section 1391(a) and (c).

## III. OPERATIVE FACTS

6. On January 15, 2013, Plaintiff Euscher notified Standard and their Benefits Coordinator that he was disabled and unable to perform with reasonable continuity the material duties of his occupation with the Washington State Department of Transportation as an Equipment Technician 3.

7. Standard, and its agents and/or representatives, investigated the claim and denied benefits for a variety of reasons, but primarily has contended that no medical doctor or physician recommended that claimant Euscher discontinue

COMPLAINT FOR BREACH OF CONTRACT, REFUSAL TO PAY LONG-TERM DISABILITY BENEFITS, BAD FAITH, AND VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW TITLE 48.30) - 2

LePLEY LAW FIRM
12600 SE 38th Street, Suite 201
Bellevue, WA  98006
P: (425) 641-5353
F: (425) 747-0611

working and that the medical records provided by Euscher and available to Standard did not support Euscher's contention that he had limitations and restrictions that were of a significant severity to preclude him from performing his occupation as of the time an application for disability benefits was submitted.

8. Subsequent to Standard's denial of benefits on March 27, 2013, Euscher submitted additional medical records along with several statements from physicians and medical doctors attesting to the fact that he was disabled and unable to perform the material duties of his occupation. An appeal of the benefits of the benefits denial was filed with Standard on September 23, 2013. This appeal was denied on January 21, 2014.

9. The additional medical submittals indicated that Euscher has disabling conditions including peripheral neuropathy, vertigo, tinnitus, psoriatic arthritis (severe), restless leg syndrome, and fibromyalgia. Because of these disabling conditions, Euscher is required to take several medications, including significant pain medication to deal with chronic pain issues that would prevent him from performing the material duties of his occupation.

10. Standard has not conducted any medical examination of Euscher and has, at best, conducted a cursory physician consultant's review of Euscher's medical records, claiming that there is insufficient support for a diagnosis of psoriatic arthritis, fibromyalgia, peripheral neuropathy, or other conditions documented and diagnosed by Euscher's treating physicians.

## IV. CLAIMS AGAINST STANDARD

### Breach of Contract

11. Plaintiff James Euscher should be paid long-term disability benefits under his private policy of insurance that he purchased from Standard to protect

COMPLAINT FOR BREACH OF CONTRACT, REFUSAL TO PAY LONG-TERM DISABILITY BENEFITS, BAD FAITH, AND VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW TITLE 48.30) - 3

LePLEY LAW FIRM
12600 SE 38th Street, Suite 201
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

him in the event of disability.  Monthly benefits under the policy are in the amount of $2,336.40 for the first two months of disability, beginning February 11, 2013, and then starting April 11, 2013, the unpaid benefits are adjusted downward to $2,096.40 per month.  Standard's failure and refusal to pay long-term disability benefits is a breach of contract for which Escher is entitled to contract remedies as well as consequential damages.

**Violation of the Insurance Fair Conduct Act (IFCA)**

12. The Insurance Fair Conduct Act, RCW 48.30.010 and RCW 48.30.015, are regulatory statutes approved by the citizens of the State of Washington prohibiting certain acts and practices by insurance companies.  IFCA applies to all lines of insurance, including those companies selling long-term disability policies to Washington's citizens.

13. Because IFCA is a regulatory statute with application to all lines of insurance coverage, Standard is subject to all of its remedial provisions.

14. Prior to suit, Euscher provided Standard with his contentions regarding Standard's violations of IFCA.  Notice is required by IFCA, RCW 40.30.015(8)(a), and was sent by certified mail, return receipt requested, to Standard as well as to the Office of the Insurance Commissioner of the State of Washington as required by statute.  More than twenty (20) days have now elapsed and Standard has failed to resolve the basis of this action within the twenty (20) day written notice period provided by Euscher.

15. Plaintiff Euscher contends, in part, that Standard violated IFCA by unreasonably denying payment of his benefits in the amounts stated in, and required by, the long-term disability policy sold to him by Standard.

COMPLAINT FOR BREACH OF CONTRACT, REFUSAL TO PAY LONG-TERM DISABILITY BENEFITS, BAD FAITH, AND VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW TITLE 48.30) - 4

LePLEY LAW FIRM
12600 SE 38th Street, Suite 201
Bellevue, WA  98006
P: (425) 641-5353
F: (425) 747-0611

16. Euscher contends that his claim is subject to the remedial provisions of IFCA and maintains in this action that he may recover treble damages under RCW 48.30.015(2) as well as reasonable attorney's fees, including actual damages and statutory litigation costs as authorized by RCW 48.30.015(3).

### Breach of the Obligation of Good Faith and Fair Dealing

17. RCW 48.01.030 obligates insurance carriers doing business in the State of Washington to act in good faith with respect to the handling of insurance claims.

18. The conduct of Defendant Standard and its failure to pay long-term disability benefits to Plaintiff, as well its failure to adequately and fairly investigate Plaintiff's claim for long-term disability benefits as required by WAC 284-30-330(4), is a violation of RCW 48.01.030, for which Plaintiff should recover damages against Standard.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. For an Order and Judgment from the Court requiring Standard Insurance Company to pay long-term disability benefits to James Euscher at the monthly amounts authorized by the long-term disability income insurance policy sold by Standard to Euscher through his employer, for which Euscher paid premiums as a covered, eligible insured;

2. That James Euscher be awarded pre-judgment interest with respect to all unpaid benefits due up to and through the time of trial and any other determination of this matter that he is entitled to disability benefits pursuant to the policy;

COMPLAINT FOR BREACH OF CONTRACT, REFUSAL TO PAY LONG-TERM DISABILITY BENEFITS, BAD FAITH, AND VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW TITLE 48.30) - 5

LePLEY LAW FIRM
12600 SE 38th Street, Suite 201
Bellevue, WA  98006
P: (425) 641-5353
F: (425) 747-0611

3. That James Euscher receive relief under the Insurance Fair Conduct Act, including payment of statutory and reasonable attorney's fees, litigation expenses, actual damages, and treble damages as authorized by the remedial provisions of RCW 48.30.015;

4. That James Euscher receive such other equitable relief and damages as the law and facts of the case may warrant, including consequential damages for breach of contract and those damages authorized by law for violations of RCW 48.01.030; and

6. For such other and further relief as the Court deems just and appropriate.

DATED this 29th day of June, 2015.

LePLEY LAW FIRM

/s/ *Patrick H. LePley*
Patrick H. LePley, WSBA #7071
Email: phl@lepleylawfirm.com

Attorney for Plaintiff

COMPLAINT FOR BREACH OF CONTRACT, REFUSAL TO PAY LONG-TERM DISABILITY BENEFITS, BAD FAITH, AND VIOLATION OF THE INSURANCE FAIR CONDUCT ACT (RCW TITLE 48.30) - 6

LePLEY LAW FIRM
12600 SE 38th Street, Suite 201
Bellevue, WA  98006
P: (425) 641-5353
F: (425) 747-0611